IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EVERETT LEON STOUT, #305517, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-250-RAH |
| | ) | (WO) |
| | ) | |
| TOM PARKER, et.al, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Everett Leon Stout ("Stout"), a state inmate currently serving a twenty-year sentence resulting from a conviction for second degree extortion imposed upon him in 2016 by the Circuit Court of Calhoun County, Alabama.  Doc. 1 at 3.  In this complaint, Stout challenges the constitutionality and general legality of actions undertaken by the justices of the Alabama Supreme Court regarding their failure to vacate his conviction and sentence for second degree extortion.  Doc. 1 at 2–9.  Stout seeks expungement of his conviction and his release from prison.  Doc. 1 at 2, 10.

Upon thorough review of the complaint, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(A)(1).[1]

---

[1]Stout did not seek leave to proceed *in forma pauperis* and, instead, submitted payment of the requisite filing and administrative fees.  Doc. 5.  Thus, the court is obligated to screen the complaint for possible summary dismissal under

## II.  DISCUSSION

Although the complaint is somewhat disjointed and rambling, the court discerns that Stout challenges the validity of his conviction for second degree extortion and the twenty-year sentence imposed upon him for this conviction as violative of state law, state rules of criminal procedure, federal statutes, federal case law and various rights secured by the Constitution.  Doc. 1 at 2–9.  In light of such, he alleges the justices of the Alabama Supreme Court acted illegally and unethically in failing to vacate his extortion conviction and attendant sentence, *id.,* and maintains their failure to do so resulted from a conspiracy. Doc. 1 at 4.  Stout also contends he is innocent of extortion.  Doc. 1 at 6.  Finally, Stout complains "the [Alabama Supreme] Court has either allowed (or) ordered [its] Clerk to issue judicial rulings of the Court while using the names of all the judges."  Doc. 1 at 5. Stout requests that this court find the Alabama Supreme Court erred when it did not "dismiss the void verdict form & expunge the record of conviction, and release Everett Leon Stout from the unlawful incarceration."   Doc. 1 at 2 (internal quotation marks omitted).

The claims for relief presented in the instant complaint go to the fundamental legality of Stout's conviction for second degree extortion and the sentence imposed for such conviction on which he is now incarcerated.  In accordance with well-established law, Stout is entitled to no relief on these claims in this case.  *Edwards v. Balisok,* 520 U.S. 641,

---

28 U.S.C. § 1915(A).  Specifically, the screening procedure requires that "[o]n review [of a prisoner's complaint], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §§ 1915A(b)(1)-(2)

646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a complaint challenging the legality of a prisoner's conviction or sentence and seeking monetary damages for relief is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). "Later, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S. Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (alterations in original). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that

are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646–48.

Furthermore, the law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645  (acknowledging that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his incarceration on a sentence of a state court is a petition for writ of habeas corpus); *Okoro*, 324 F.3d at 490 (noting *Heck* holds that a state inmate "making a collateral attack on his conviction . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). Consequently, an inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus."  *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996).   Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]").  The Supreme Court has emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649.

Under the circumstances of this case, *Heck* and its progeny bar Stout's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount what is, in actuality, a collateral attack on the validity of his conviction and sentence for second degree extortion which form the basis for his current incarceration. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion.").  Hence, the claims presented by Stout questioning the validity of his conviction and current incarceration on such conviction are not cognizable in this civil action as a ruling in favor of Stout on these claims would necessarily imply the invalidity of his incarceration.  Thus, the claims presented in the complaint provide no basis for relief at this time and, as such, are subject to summary dismissal under 28 U.S.C § 1915(A)(1).[2]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process in accordance with the

---

[2]Stout is advised that any habeas petition he files is subject to the procedural limitations imposed upon such petitions, including but not limited to, the one-year limitation period.  *See* 28 U.S.C. § 2254(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

provisions of 28 U.S.C. § 1915(A)(1) as the claims presented in the complaint provide no basis for relief in the instant cause of action at this time.

On or before **June 8, 2020**, the plaintiff may file objections to this Recommendation.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 22nd day of May, 2020.


/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE