IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EVERETT LEON STOUT, #305517, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-250-RAH |
| | ) | |
| TOM PARKER, et.al, | ) | |
| | ) | |
| Defendants. | ) | |

## SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Everett Leon Stout ("Stout"), a state inmate currently serving a twenty-year sentence resulting from a conviction for second degree extortion imposed upon him in 2016 by the Circuit Court of Calhoun County, Alabama.  Doc. 1 at 3.  In this complaint, Stout challenges the constitutionality and general legality of actions undertaken by the justices of the Alabama Supreme Court with regard to that Court's failure to vacate his conviction and sentence for second degree extortion.  Doc. 1 at 2–9.  Stout seeks expungement of his conviction and his release from prison.  Doc. 1 at 2, 10.  On May 26, 2020, Stout filed an amendment to his complaint in which he names Kay Ivey, the Governor of Alabama, as a defendant in this cause of action based on an alleged conspiracy with the original defendants regarding the decision entered by the Alabama Supreme Court to deny him relief from his extortion conviction.  Doc. 7.

Upon review of the amendment to the complaint, the undersigned concludes that the claim against Governor Kay Ivey is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915A.[1]

## II.  DISCUSSION

To proceed on a conspiracy claim under 42 U.S.C. § 1983, "a plaintiff must show that the parties reached an understanding to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy. . . .  [T]he linchpin for conspiracy is agreement[]."  *Bailey v. Board of County Comm'rs of Alachua County*, 956 F.2d 1112, 1122 (11th Cir.), *cert. denied*, 506 U.S. 832 (1992) (internal quotation marks and citation omitted).  In order for a plaintiff "to establish the understanding or willful participation required to show a conspiracy, . . . [he] must [produce] some evidence of agreement between the defendants[.]"  *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283–84 (11th 2002) (internal quotation marks omitted).  Merely "stringing together" acts of individuals is insufficient to demonstrate the existence of a conspiracy.  *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992); *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984) (holding that a vague and conclusory allegation of a conspiracy fails to state a claim upon which relief can be granted).

---

[1] Stout did not seek leave to proceed *in forma pauperis* and, instead, submitted payment of the requisite filing and administrative fees.  Doc. 5.  Thus, the court is obligated to screen the complaint for possible summary dismissal under 28 U.S.C. § 1915A.  Specifically, the screening procedure requires that "[o]n review [of a prisoner's complaint], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1)-(2).

Other than his suppositious and conclusory allegation of a conspiracy, Stout presents nothing which suggests the existence of an actual conspiracy nor can this court countenance the existence of any evidence which would indicate that the defendants entered into a conspiracy to deprive Stout of his constitutional rights when entering a decision addressing the appeal of his conviction for second degree extortion.   The allegation of a conspiracy is therefore insufficient to support a claim for relief in this 42 U.S.C. § 1983 action.  *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556–57.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The conspiracy claim presented in the amendment to the complaint be summarily DISMISSED in accordance with the provisions of 28 U.S.C. § 1915A(b)(1).

2.  The Recommendation of the Magistrate Judge entered on May 22, 2020 (Doc. 6) remain in full force and effect.

3.  This case be DISMISSED in its entirety prior to service of process pursuant to the provisions of 28 U.S.C. § 1915A(b)(1).

On or before **June 11, 2020**, the plaintiff may file objections to this Recommendation.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal

conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11ᴛʜ Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 27th day of May, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE